### KESLER v DILLON (2 Cases)

Ohio Appeals, 9th Dist, Wayne Co
Nos. 877 & 878. Decided April 30, 1931

B. G. Hay, Wooster, for Kesler.
O. D. Kaufman, Wooster, for Dillon.

WASHBURN, J.

One of the errors complained of is that the sheriff of the county, who was at the scene of the accident while both parties were there, testified that Kesler said that he carried insurance and that the insurance company would pay the damage done.

When said statement was made, the court promptly instructed the jury to disregard it and give it no consideration in the determination of the case, and the statement was not responsive to the questions asked by the attorney for plaintiff. The record does not warrant the charge made that the attorney by his questions sought such information or claimed that it was competent, and from the entire record we are satisfied that there was no prejudicial error in said incident of the trial.

It is also claimed that the jury was confused by the charge of the court, which covered both cases, and that at one place in the charge the trial judge told the jury that Mrs. Dillon sustained injuries, when that fact was an issue for the determination of the jury.

When the whole charge is considered, it is not subject to the construction claimed, and we find that, considering that two cases were being tried together, the charge was exceptionally clear and fairly stated the issues and the law applicable thereto, and that the trial judge was justified in charging that the jury need give no consideration to the question of the brakes on the Dillon car.

It is further claimed that the amount of the damages awarded Mrs. Dillon was excessive.

There was credible evidence which, if believed, fully warranted the amount awarded, and the record does not disclose that the finding of the jury in that regard is against the weight of the evidence.

It is strenuously urged that the finding of the jury that Kesler was negligent and that such negligence was the proximate cause of the collision, is manifestly against the weight of the evidence.

Without detailing the circumstances shown by the record, we dispose of this claimed error by saying that we are unanimously of the opinion that the verdict of the jury is warranted by the evidence in the record.

Finding no prejudicial error, the judgment in each case is affirmed.

PARDEE, PJ, and FUNK, J, concur.